IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **MICHAEL BARRICK,** and **SCOTT WILLIAMS,** individually and on behalf of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>**EDGE OFS HOLDINGS LLC,** and **GLADIATOR ENERGY, LLC,**<br><br>Defendants. | Case No.: 4:24-cv-3<br><br><br><br>**Jury Demanded** |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Michael Barrick and Scott Williams, individually and on behalf of all others similarly situated ("Plaintiffs" and "Class Members" respectively herein), bring this Fair Labor Standards Act ("FLSA") Complaint against Defendants Edge OFS Holdings, LLC, and Gladiator Energy, LLC (collectively "Defendants"), and alleges as follows:

### I.  SUMMARY

1.  The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages, long hours, and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

2.  Defendants violated the FLSA by failing to pay wages to employees who performed

on-call work for the companies in excess of 40 hours per week. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.   PARTIES

3. Plaintiff Michael Barrick is an individual who was employed by Defendants within the meaning of the FLSA, during the statutory period, and hereby consents to be a party in this action through the consent form that is attached as "Exhibit A."

4. Plaintiff Scott Williams is an individual who was employed by Defendants within the meaning of the FLSA, during the statutory period, and hereby consents to be a party in this action through the consent form that is attached as "Exhibit B."

5. Plaintiffs and the Class Members are all current or former workers of Defendants who are/were not paid time and one half their respective regular rates of pay for all hours worked over 40 during each workweek during the period from three years preceding the date this lawsuit was filed, and forward. Plaintiff and the putative Class Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

6. Defendant Edge OFS Holdings, LLC ("Edge OFS Holdings"), is a limited liability company and is authorized to do business and is doing business in the State of Texas. Defendant Edge OFS Holdings, LLC may be served via its registered agent Capitol Corporate Services, Inc., who may be served at 1501 S Mopac Expy Ste 220 Austin, TX 78746, or wherever they may be found.

7. Defendant Gladiator Energy, LLC ("Gladiator Energy"), is a limited liability company and is authorized to do business and is doing business in the State of Texas. Defendant Gladiator Energy, LLC may be served via its registered agent Capitol Corporate Services, Inc., may be served via its registered agent Capitol Corporate Services, Inc., who may be served at 1501 S Mopac Expy

Ste 220 Austin, TX 78746, or wherever they may be found.

### III.    JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over the claim because Plaintiffs have asserted a claim arising under federal law. 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

9. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. 28 U.S.C. § 1391(b)(2).

### IV.    COVERAGE

10. At all material times, Defendants acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the Class Members.

11. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiffs and the Class Members were/are individual's employees who were engaged in commerce or in the production of good for commerce

as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

15. Defendants earn in excess of $500,000.00 in gross sales per year.

16. Plaintiffs worked as inspectors and were hourly-paid, admittedly non-exempt and overtime eligible workers for Defendants during the three years prior to the filing of this Complaint.

17. While employed by Defendants, Plaintiffs were required to be on-call for periods of twenty days at a time.

18. "On call" employees who are required to wait for further work in such a way that they are not able to use the time effectively for their own purposes must be compensated for their time. 29 C.F.R. 785.15.

19. In deciding whether time spent "on call" is compensable, the Fifth Circuit has ruled that the critical question is "whether the employee can use the on-call time effectively for his or her own purposes." *Bright v. Houston Northwest Medical Center Survivor, Inc.,* 934 F.2d 671 (5th Cir. 1991).

20. Defendants required Plaintiffs to live at a "man-camp" for the twenty days they were on-call. During that time, Plaintiffs were not able to "use the on-call time effectively" for their own purposes.

21. Defendants required Plaintiffs to be on-site for the entirety of the on-call time.

22. In fact, Plaintiff Barrick was reprimanded after his supervisor was made aware that he had left the site to attend a dinner with his spouse.

23. As hourly-paid employees, Plaintiffs were entitled to be paid each hour that was worked on Defendants' behalf. Instead of following the FLSA, Plaintiffs and other similarly situated workers were required to work in an on-call capacity. Plaintiffs were not compensated for this required

and additional, on-call work.

24. Additionally, Plaintiff were frequently not paid overtime at a rate of time and one half of their regular rates of pay, including non-discretionary bonuses, for hours on-call hours worked in excess of 40 per week. Plaintiffs worked more than 40 hours in a week for Defendants, but much of the time spent doing work beyond their assigned jobs, such as on-call time, was not accounted for or paid for at proper overtime rates.

25. Plaintiffs and the Class Members were paid on an hourly basis but were frequently not properly compensated for on-call hours worked in excess of 40 in a workweek. Additionally, Defendants failed to accurately track and pay for all hours of work, especially for time spent on-call.

26. Defendants have employed other individuals under the same or similar pay provisions as Plaintiffs, and who were also denied all wages and proper overtime compensation in the same manner as Plaintiffs.

## VI.   COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs and the Class Members were all paid on an hourly basis and as such all are admittedly eligible for the benefits of the FLSA under Defendants' own pay scheme.

28. Plaintiffs and the Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and were frequently not paid at time and one half their regular rates of pay for on-call hours worked in excess of 40 hours in a workweek. Like Plaintiffs, the Class Members were instructed by supervisors and expected to remain "on-call." These activities were for the benefit of Defendants and were a regular and expected part of Plaintiffs' and the Class Members' workdays.

29. Like Plaintiffs, the Class Members routinely worked shifts of 40 hours or more in a

workweek. Thus, additional and uncompensated time should be compensated at a rate of time and one half the Class Members' regular rate of pay.

30. Defendants' failure to compensate employees for on-call hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying Plaintiffs and Class Members for their shift time, as opposed to their actual hours of work. This policy or practice is/was applicable to Plaintiffs and the Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of on-call overtime to Plaintiffs applied to all Class Members.

31. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the Class Members.

32. The Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

33. Absent this action, many members of the Class likely will not obtain redress of their injuries and Defendants will retain the proceeds resulting from the FLSA violations.

### VII.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

34. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one and one half times their

regular rates of pay for which they were employed or by failing to pay minimum wages to such employees. Defendants have acted willfully in failing to pay Plaintiffs and the Class Members in accordance with the law.

35. Plaintiffs and the Class Members specifically plead recovery for the three years preceding the filing of this Complaint.

36. Because Defendants did not make a good faith effort to comply with the requirements of 29 U.S.C. § 260, Plaintiffs and Class Members are entitled to liquidated damages.

37. Plaintiffs and the Class Members are entitled to recovery all reasonable attorneys' fees and costs incurred in this action.

## VIII.  RELIEF SOUGHT

38. WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

   a. For an Order allowing this action to proceed as a collective action under the FLSA and directing notice to Class Members;

   b. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit);

   c. For an Order awarding Plaintiffs (and those who may join in the suit) the costs of this action;

   d. For an Order awarding Plaintiffs (and those who may join in the suit) attorneys' fees;

   e. For and Order awarding Plaintiffs (and those who may join in the suit) pre- judgment

and post-judgment interest at the highest rates allowed by law; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

/s/ *Katherine Serrano*
Katherine Serrano
Texas Bar No. 24110764
**FORESTER HAYNIE PLLC**
400 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
kserrano@foresterhaynie.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made to Defendants with summons to be issued by the clerk in accordance with the Federal Rules of Civil Procedure.

/s/ *Katherine Serrano*
Katherine Serrano